*United States District Court*
*For the Northern District of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOFTON,<br><br>      Plaintiff,<br>  v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>      Defendant. | No. 12-3835 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION** |

      On August 30, 2012, plaintiff David Lofton ("Lofton") filed his First Amended Complaint ("FAC"). On September 25, 2012, the case was reassigned to the undersigned. The Court, for the reasons discussed below, will direct Lofton to show cause why the FAC should not be dismissed for lack of subject-matter jurisdiction. See Fed. Rule Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. Rule Civ. P. 8(a)(1). The above-referenced FAC contains no such statement, nor does said FAC allege any cause of action under federal law or any facts to support diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. Consequently, Lofton has failed to establish subject-matter jurisdiction.

      Accordingly, Lofton is hereby ORDERED TO SHOW CAUSE, in writing and filed no

later than October 19, 2012, why the instant action should not be dismissed for lack of subject-matter jurisdiction. See, e.g., Marshall v. United Nations, No. 05-2575, 2006 WL 947697 at *2 (E.D. Cal. Apr. 12, 2006) ("When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint[.]").

**IT IS SO ORDERED.**

Dated: September 28, 2012

_____
MAXINE M. CHESNEY
United States District Judge