GEORGE J. BARRON, BAR NO. 53117
george@donahue.com
ANDREW S. MACKAY, BAR NO. 197074
andrew@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California  94612-3520
P.O. Box 12979
Oakland, California  94604-2979
Telephone:    (510) 451-0544
Facsimile:      (510) 832-1486

Attorneys for Plaintiff
DAVID LOFTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOFTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,<br><br>　　　　　Defendant. | Case No.  C12-03835 MMC<br><br>STIPULATION TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES AND [PROPOSED] ORDER |

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

STIPULATION TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES    CASE NO. C12-03835 MMC

On September 28, 2012, the Court issued an Order to Show Cause ("OSC") concerning the jurisdiction of this Court. Plaintiff David Lofton ("Plaintiff") seeks to file a Second Amended Complaint ("SAC"), attached hereto as Exhibit A, in response to the OSC.

Defendant Zurich American Insurance Company ("Defendant"), by and through its counsel, hereby stipulates and agrees that Plaintiff may file the SAC. Nothing in this stipulation, however, waives or limits Defendant's right to respond to or challenge the contents of the SAC now or in the future.

IT IS SO STIPULATED,

Dated: October 16, 2012          DONAHUE GALLAGHER WOODS LLP


By: */s/ George J. Barron*
    George J. Barron
    Attorneys for Plaintiff
    DAVID LOFTON

Dated: October 16, 2012          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Danielle Ochs*
    Danielle Ochs
    Attorneys for Defendant
    ZURICH AMERICAN INSURANCE COMPANY

## **ATTESTATION**

Pursuant to Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  October 16, 2012                    DONAHUE GALLAGHER WOODS LLP


By:  */s/ George J. Barron*
    George J. Barron
    Attorneys for Plaintiff
    DAVID LOFTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

GEORGE J. BARRON, BAR NO. 53117
george@donahue.com
ANDREW S. MACKAY, BAR NO. 197074
andrew@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California  94612-3520
P.O. Box 12979
Oakland, California  94604-2979
Telephone:     (510) 451-0544
Facsimile:      (510) 832-1486

Attorneys for Plaintiff
DAVID LOFTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOFTON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,<br><br>　　　　　　Defendant. | Case No.  C12-03835 MMC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff David Lofton, an individual, ("Plaintiff") and alleges as follows:

**JURISDICTIONAL BASIS**

1. Defendant Zurich American Insurance Company ("Zurich") is and at all times relevant hereto was a corporation organized and existing under the laws of the State of New York with a principal place of business in San Francisco County.

2. The Court's jurisdiction in this case is based on Title VII of the 1964 Civil Rights Act, 42 USC 2000(e), et seq. in the first cause of action and related pendant jurisdiction under the California Fair Employment and Housing Act, California Government Code Section 12960, et seq.

3. Plaintiff at all times relevant hereto was and is a resident of Pittsburg, Contra Costa County, California. Zurich is a New York corporation. Plaintiff alleges his damages in this case are in excess of $75,000. Therefore, complete diversity exists and the Court has diversity jurisdiction over this case.

**INTRODUCTION**

4. Plaintiff is African American, over 60 years old, and a resident of Pittsburg, Contra Costa County, California.

5. Plaintiff performed his duties in multiple positions for Zurich for over a decade in a consistently superior manner. This is the objective conclusion of Plaintiff's superiors and peers as well as Plaintiff's national contacts. The number of individuals who have stepped forward to validate Plaintiff's performance and reputation since his employment problems began is very impressive. There are an abundance of witnesses available to testify not only to Plaintiff's competence as an adjustor and supervisor but also as to his excellence in both areas. His counsel and advice have been regularly sought after by all of these respected organizations; ironically former peers who have been promoted above Plaintiff, and who are white and younger, are among these persons.

6. Plaintiff's claims against Zurich are many. They start with race and age discrimination. Plaintiff is African-American, over the age of 60, and has not been given pay raises or promotions that have been given to less qualified whites, and less qualified younger

1

1  employees.  Plaintiff has been demoted, not given sufficient staff to accomplish assignments or
2  take uninterrupted vacations, had performance reviews improperly done using Quality Assurance
3  audits, and had Human Resources Department personnel issues transferred to him for blame.

4        7.    While Zurich's policy required them, Plaintiff did not receive the step increases in
5  his salary over the years at Zurich; in contrast Whites and younger employees did receive the step
6  increases. Zurich increased Plaintiff's claim load substantially while not doing so to white or
7  younger employees.  Plaintiff's treatment is an overwhelmingly glaring example of racial and age
8  discrimination.

9        8.    Plaintiff complained about this discriminatory treatment. Plaintiff was retaliated
10 against for his complaints by increased and continuing discrimination in pay, promotions, and
11 claims assignments.

**FIRST CAUSE OF ACTION**

**(Race Discrimination and Retaliation)**

14 For a first cause of action against Zurich and Does 1 through 100, inclusive, and each of
15 them, Plaintiff alleges as follows:

16       9.    Plaintiff realleges and incorporates by reference each and all of the allegations
17 contained in paragraphs 1 through 8 hereinabove set forth.

18       10.    Plaintiff, an African American, started at Zurich over 10 years ago and began
19 receiving regular raises and promotions.  Plaintiff was simply an outstanding performer.

20       11.    Plaintiff's excellence in his job is thoroughly documented.  Against this
21 background, Zurich discriminated and retaliated against Plaintiff because of his race, African
22 American.

23       12.    As a direct and proximate result of the extreme and outrageous conduct of Zurich,
24 Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has
25 been injured in his health, strength, and activity, including, but not limited to, loss of sleep and
26 shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff
27 great mental, physical, and nervous pain and suffering to his damage, the precise amount of
28 which Plaintiff will prove.

13. As a direct and proximate result of the aforementioned wrongful conduct of Zurich, as hereinabove described, its conduct was willful, wanton, oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of exemplary and punitive damages against Zurich, the precise amount of which Plaintiff will prove.

14. Plaintiff filed a charge of discrimination against Zurich with the Equal Employment Opportunity Commission (EEOC") and alleges violations herein of Title VII of the 1964 Civil Rights Act, 42 USC § 2000(e), et seq. On April 24, 2012 the EEOC issued Plaintiff a Right to Sue Letter, attached as Exhibit A. Plaintiff has exhausted his administrative remedies with the EEOC and has filed suit in a timely manner. Plaintiff filed a charge of discrimination with the Californian Department of Fair Employment and Housing (DFEH") under Section 12960, et seq. of the California Government Code. On July 17, 2012, the DFEH issued Plaintiff a notice of right to sue, attached as Exhibit B. Plaintiff has exhausted his administrative remedies with the DFEH and has instituted this civil action in a timely manner.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

For a second cause of action against Zurich, Plaintiff alleges as follows:

15. Plaintiff realleges and incorporates herein by reference each and all of the allegations contained in paragraphs 1 through 14 hereinabove set forth.

16. In or about 2002, Plaintiff and Zurich entered into an oral employment agreement in San Francisco County, California, under which Plaintiff agreed to work for Zurich in the initial capacity of Senior Claims Specialist and for which Zurich agreed to pay Plaintiff compensation.

17. Plaintiff has performed each and every condition and covenant required on his part to be performed pursuant to said employment, and in particular, was continuously employed by Zurich from said date through the present. Plaintiff has at all times relevant herein received positive performance and outstanding contribution evaluations, and has been regularly praised by Zurich's directors, executives, and trade industry groups.

18. Pursuant to said employment agreement, Zurich promised that Plaintiff's employment would continue indefinitely and that their agents and employees would not act arbitrarily in dealing with Plaintiff, and that Plaintiff would not be treated in such a manner as to deny him to pay raises and promotions given to lesser qualified individuals. Said promises were implied by the conduct and activities of Zurich and ratified by the conduct and activities of Zurich. In particular, said promises were expressed in oral representations made by Zurich to induce acceptance of employment, implied in the content of Zurich's personnel policies and practices; by the actions of Zurich and its agents and employees in rating Plaintiff's performance above standard, by receiving commendations from Zurich's industry and trade groups about the high quality of Plaintiff's performance, all of which reflect Zurich's assurances of Plaintiff's continued employment.

19. Zurich breached said employment agreement and its implied promises by requiring Plaintiff to work in a racially harassing environment and by subjecting Plaintiff to direct and repeated acts of racial and age discrimination.

20. As a direct and proximate result of the conduct of Zurich and the treatment he received at Zurich, Plaintiff has not received pay raises and promotions given to lesser qualified individuals.

21. As a direct and foreseeable result of said breach of contract, Plaintiff has suffered damages in the form of lost wages, salary, benefits, certain other incidental and consequential expenses and losses, the precise amount of which Plaintiff will prove.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Breach Of Implied Covenant Of Good Faith And Fair Dealing)

For a third cause of action against Zurich, Plaintiff alleges as follows:

22. Plaintiff realleges and incorporates herein by this reference each and all of the allegations contained in paragraphs 1 through 21 hereinabove set forth.

23. As a result of the employment relationship which existed between Plaintiff and Zurich, the express and implied promises made in connection therewith, and the acts, conduct,

4

and communications which resulted in said implied promises, Zurich covenanted, warranted, and promised to act in good faith toward and deal fairly with Plaintiff and concerning all other matters relating to said employment so as not to deprive Plaintiff of or injure his rights to receive the benefits of said relationship.

24. The failure of Zurich to act in good faith and deal fairly with Plaintiff was wrongful, in bad faith and unfair, and therefore a violation of the legal duty of Zurich to deal fairly and in good faith with Plaintiff.

25. As a direct and foreseeable result of said breach the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in the form of lost wages, salary, benefits, certain other incidental and consequential expenses and losses all in a substantial amount, the precise amount of which Plaintiff will prove.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Age Discrimination)

For a fourth cause of action against Zurich, Plaintiff alleges as follows:

26. Plaintiff realleges and incorporates herein by this reference each and all of the allegations contained in paragraphs 1 through 25 hereinabove set forth.

27. Plaintiff is a man over the age of 60 and a resident of Pittsburg, Contra Costa County, California. Zurich has throughout Plaintiff's employment given pay raises and promotions to lesser qualified individuals who are younger than Plaintiff.

28. As a direct and proximate result of the aforementioned discriminatory acts and practices of Zurich, Plaintiff has suffered general damages in a substantial sum, the precise amount of which Plaintiff will prove.

29. The discriminatory conduct of Zurich, as hereinabove described was willful, wanton, oppressive, fraudulent, and malicious, deliberate, egregious, and inexcusable, thereby entitling Plaintiff to an award of exemplary and punitive damages against said Zurich, the precise amount of which Plaintiff will prove.

30. Plaintiff filed a complaint of age discrimination with the DFEH under Section 12960, et seq. of the California Government Code. On July 17, 2012, the DFEH issued Plaintiff a notice of right to sue, attached as Exhibit B. Plaintiff has exhausted his administrative remedies and has instituted this civil action in a timely manner.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Intentional Infliction Of Emotional Distress)**

For a fifth cause of action against Zurich, Plaintiff alleges as follows:

31. Plaintiff realleges and incorporates herein by this reference each and all of the allegations contained in paragraphs 1 through 30 hereinabove set forth.

32. As a direct and proximate result of the extreme and outrageous conduct of Zurich, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in his health, strength, and activity, including, but not limited to, loss of sleep and shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering to his damage, the precise amount of which Plaintiff will prove.

33. The conduct of Zurich as hereinabove described was willful, wanton, oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of exemplary and punitive damages against Zurich, the precise amount of which Plaintiff will prove.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**(Negligent Infliction Of Emotional Distress)**

For a sixth cause of action against Zurich, Plaintiff alleges as follows:

34. Plaintiff realleges and incorporates herein by this reference each and all of the allegations contained in paragraphs 1 through 33 hereinabove set forth.

35. The conduct of Zurich, as hereinabove described was negligent, careless and wrongful. Zurich and its agents and employees confirmed and ratified the negligent, careless, and wrongful acts of the remaining defendants herein with a careless disregard for Plaintiff's

emotional and physical distress. Said confirmation and ratification on the part of Zurich was done with a negligent, careless, and wrongful disregard of the consequences to Plaintiff.

36. As a direct and proximate result of the negligent, careless, and wrongful conduct of Zurich, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in his health, strength and activity, including but not limited to, a loss of sleep and the shock and injury to his nervous system, all of which have caused and continue to cause in Plaintiff great mental, physical and nervous pain and suffering, the precise amount of which Plaintiff will prove.

37. PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Zurich, as follows:

1. For general damages in excess of $75,000 according to proof;

2. For exemplary and punitive damages according to proof;

3. For declaratory judgment that Zurich's conduct complained of herein is unlawful and in violation of Title VII of the 1964 Civil Rights Act, 42 USC § 2000(e), et seq.;

4. For declaratory judgment that Zurich's conduct complained of herein is unlawful and in violation of The California Fair Employment and Housing Act;

5. For attorneys' fees and costs of suit incurred herein; and

6. For such other and further relief as this court may deem just and proper.

Dated: October 16, 2012                                      DONAHUE GALLAGHER WOODS LLP


By:  */s/ George J. Barron*
     George J. Barron
     Attorneys for Plaintiff
     DAVID LOFTON

## [~~PROPOSED~~] ORDER

Pursuant to stipulation, the Court hereby ORDERS that Plaintiff file his Second Amended Complaint For Damages on or before October ~~22~~ 24, 2012.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __October 22, 2012__       _____
The Honorable Maxine M. Chesney
United States District Court Judge