1  Danielle L. Ochs, State Bar No. 178677
   danielle.ochs@ogletreedeakins.com
2  Andrea L. Fellion, State Bar No. 262278
   andrea.fellion@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:   415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendant
7  ZURICH AMERICAN INSURANCE COMPANY

8

   George J. Barron, State Bar No. 53117
9  Andrew S. Mackay, State Bar No. 197074
   DONAHUE GALLAGHER WOODS LLP
10 Attorneys at Law
   1999 Harrison Street, 25th Floor
11 Oakland, CA  94604-2979
   Telephone:   510.451.0544
12 Facsimile:    510.832.1496

13 Attorneys for Plaintiff
   DAVID LOFTON
14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOFTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. C12-03835 MMC<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed:  July 23, 2012 |

Case No. C12-03835 MMC

[PROPOSED] STIPULATED PROTECTIVE ORDER

The undersigned parties, by and through their respective counsel, hereby stipulate that the Court may enter a protective order on the following terms and conditions:

1. For purposes of this Stipulated Protective Order:

    (a) The term "CONFIDENTIAL INFORMATION" shall mean (i) information regarding the financial affairs or condition of any of the undersigned parties, and/or (ii) private employee/personnel information of any third party who has worked for Defendant Zurich American Insurance Company.

    (b) The term "WRITING" shall mean any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

    (c) The term "CONFIDENTIAL WRITING" shall mean a WRITING (i) containing CONFIDENTIAL INFORMATION, and (ii) prominently marked with the term "CONFIDENTIAL".

    (d) The term "AUTHORIZED PARTY" shall mean (i) any of the named parties to this action, (ii) any employee of a law firm representing a named party to this action, or (iii) any expert witness or consultant retained by or on behalf of a named party to this action.

2. Any person who receives CONFIDENTIAL INFORMATION shall be prohibited from disclosing such information to another person unless that person (i) qualifies as an AUTHORIZED PARTY, and (ii) expressly agrees to abide by this Stipulated Protective Order by signing the acknowledgement and agreement to be bound as set forth in Exhibit A.

3. Any person who receives CONFIDENTIAL INFORMATION shall use such information only for purposes of litigation, settlement, or resolution of this action. No person or entity may use such information for any other purpose, either directly in directly. Unauthorized use includes, but is not limited to, use for business competition or any other commercial reason.

4. Any CONFIDENTIAL WRITING filed or submitted to the Court shall be placed under seal subject to release or inspection only by order of the Court or consent of the producing

party. However, the parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. Within thirty (30) days after the final resolution of this action, including but not limited to appellate proceedings, any person or entity who has received CONFIDENTIAL WRITINGS shall at the request of the party who produced the writings either declare that they have destroyed or return those writings and all copies thereof, including all extracts and summaries thereof and all documents containing information derived therefrom, except attorney work product, to counsel for the party who produced the information.

6. The Court reserves the right to modify or revoke this Stipulated Protective Order for good cause, either on its own motion or upon the request of a party.

7. Nothing herein shall prevent a party from challenging the designation of information as "CONFIDENTIAL INFORMATION." The designating party shall bear the burden of establishing confidentiality if the designation is challenged in court.

8. Nothing herein shall prevent a party from waiving the protections afforded by this Stipulated Protective Order. Any such waiver shall be in writing and shall be signed by the waiving party or its attorney. Inadvertent disclosure shall not constitute a waiver of any protections afforded by this order.

9. Except as expressly set forth herein, no portion of this order shall constitute a waiver of any right, privilege, claim, or defense now held by any person or party. Nothing herein shall constitute an admission that particular information constitutes confidential, proprietary, or trade secret information under any provision of law. Nothing herein shall prevent a party from opposing production of information or objecting to its admissibility into evidence on any lawful ground.

10. Any party may move for injunctive relief to prevent actual or threatened violation of this Stipulated Protective Order. Injunctive relief shall not be denied on the ground that the moving party possesses an adequate remedy at law.

11. In any proceeding to interpret or enforce this Stipulated Protective Order, the prevailing party shall be entitled to recover reasonable attorneys' fees actually incurred.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: 2-19-13

DONAHUE GALLAGHER WOODS LLP

/s/ George J. Barron

GEORGE J. BARRON
ANDREW S. MACKAY
Attorneys for Plaintiff
DAVID LOFTON

DATED: 2/19/13

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

DANIELLE OCHS-TILLOTSON
ANDREA L. FELLION
Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 22, 2013

HON. MAXINE CHESNEY
United States District Judge

3

Case No. C12-03835 MMC
[PROPOSED] STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of **David Lofton v. Zurich American Insurance Company, United States District Court for the Northern District of California Case No. C 12-03835 DMR**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]

14133944.1 (OGLETREE)